UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JON WHYMAN,<br>        Plaintiff,<br><br>v.<br><br>SCOTT WHALEN, in his Personal and<br>Official Capacities[1],<br>        Defendant. | C.A. No. 1:1-CV-10049-LTS |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT SCOTT WHALEN'S PARTIAL MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

### I. INTRODUCTION

Defendant, Scott Whalen ("Whalen" or "Defendant"), hereby submits this Memorandum of Law in Support of Defendant's Partial Motion to Dismiss Plaintiff's Amended Complaint ("Motion to Dismiss"). Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant respectfully moves this Court to dismiss Counts 7, 8, and 9 of Plaintiff Jon Whyman's ("Plaintiff" or "Whyman") Amended Complaint, alleging claims of: (7) Malicious Prosecution; (8) Interference with Advantageous Relations; and a (9) Violation of MGL c.149 s. 19- Prevention of Employment, as Plaintiff has failed to state claims upon which relief may be granted with respect to any of the essential elements of these claims.

---

[1]   To the extent this Complaint alleges any claims against Scott Whalen in his *official capacity*, the Defendant asks that all such claims be dismissed. Claims against a public official in his or her official capacity are treated as claims against the public entity he or she represents. *Britton v. Mahoney*, 901 F. Supp. 444, 449 (1995) citing *Kentucky v. Graham*, 473 U.S. 159, 165-166, (1985). Thus, the claims against Whalen in his *official capacity* are in essence claims against the City of Somerville. *See Stratton v. City of Boston*, 731 F. Supp. 42, 46 (D. Mass. 1989).
    Since the City of Somerville cannot be liable for constitutional violations absent a *Monell* claim of liability, which the Plaintiff has not alleged, Counts 1-5 against the City are improper. Counts 6-10 are also improper against the City because M.G.L. c. 258, § 10 precludes all municipal liability for intentional torts. After discussion of these legal arguments with Plaintiff's counsel, an amended complaint was filed dismissing the City of Somerville as a Defendant. As such, the Defendant submits the *official capacity* label is merely an error, is improper, and asks this Honorable Court to amend the caption accordingly to eliminate any reference to *official capacity*.

1

## II. BACKGROUND

This litigation arises out of an application for a search warrant, which was obtained, and later executed at the Plaintiff's home, during an investigation by Whalen, a member of the Somerville Police Department, into alleged harassing electronic messages being sent to another individual. *Am. Compl* ¶¶ 4, 8-9, 13, 25-27, 30. The Amended Complaint raises ten (10) counts: (1) Federal Civil Rights Act-Procedural Due Process; (2) Federal Civil Rights Act-Substantive Due Process; (3) Federal Civil Rights Act-Equal Protection; (4) Massachusetts Civil Rights Act; (5) Massachusetts Civil Rights Act; (6) Intentional Infliction of Emotional Distress; (7) Malicious Prosecution; (8) Interference with Advantageous Relations; (9) Violation of MGL c.149 s. 19-Prevention of Employment; (10) Defamation.[2]

As Plaintiff has failed to plead sufficient facts to demonstrate any likelihood of success on Counts 7, 8, and 9, Defendants respectfully request that these Counts be dismissed.

## III. STANDARD OF REVIEW

A complaint or count therein must be dismissed where it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In considering a motion to dismiss, the Court is obliged to accept the plaintiff's well-pleaded facts as they appear, granting every reasonable inference in the plaintiff's favor. *Cooperman v. Individual, Inc.*, 171 F.3d 43, 46 (1st Cir. 1999). However, this tenet does not apply to legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id*. (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual

---

[2] 1 For the purposes of the instant Motion only, Defendant does not dispute the "facts" alleged in Plaintiff's Amended Complaint and exhibits thereto. Defendant expressly reserves its right to deny these facts at a later time, if necessary.

allegations, plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 545 (citations omitted).

A plaintiff must set forth in his complaint "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery under some actionable legal theory*.*" *Gooley v. Mobile Oil Corp.*, 851 F.2d 513, 515 (1st Cir. 1988).  A complaint will not "suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Twombly,* 550 U.S. at 557 (quotations omitted).  Within this analytical framework, the Plaintiff has failed to plead facts sufficient to state claims in his Complaint as to Counts 7, 8, and 9 and such counts must be dismissed accordingly.

**IV. LEGAL ARGUMENT**

    **A. <u>Plaintiff's Claim of Malicious Prosecution Must Fail Because He Has Not Alleged Facts Showing the Defendant's Initiation of Criminal Proceedings, or a Termination of Criminal Proceedings in His Favor.</u>**

Count Seven of Plaintiff's Amended Complaint, alleges a claim for malicious prosecution – a claim he bases solely on the Defendant's signing a search warrant affidavit and then executing this warrant at his residence on November 15, 2014. *See Am. Compl.*, at ¶¶ 30, 92- 94. To state a valid claim for malicious prosecution, Plaintiff must allege facts showing "the defendant (i) instituted criminal proceedings (ii) with malice and (iii) without probable cause, and (iv) that the proceedings were terminated in the accused's favor." *Limone v. U.S.*, 579 F.3d 79, 89 (1st Cir. 2009); accord *Nieves v. McSweeney*, 241 F.3d 46, 53 (1st Cir. 2001) (stating similar elements). While items were seized from Plaintiff's residence during the execution of this warrant, they were later returned to him, and no criminal charges were ever filed. *See Am Compl.*, at ¶¶ 32-34. The facts as alleged in Plaintiff's Amended Complaint are insufficient to show the required

elements of the initiation of criminal proceedings, or the termination of criminal proceedings in his favor. Thus, Plaintiff's claim for malicious prosecution must be dismissed.

Given the facts as stated in Plaintiff's Amended Complaint, he simply has not alleged any "criminal proceedings" were ever initiated against him, which is necessary to satisfy the first element of his malicious prosecution claim. At no point does the Plaintiff allege that the Defendant filed for a criminal complaint, assisted with the prosecution of the Plaintiff, or testified against him at a criminal trial. In fact, it is undisputed that charges were *never* brought against the Plaintiff relative to the execution of this search warrant or the Defendant's investigation. It cannot then be concluded that the Defendant at any time "initiated and instigated" a criminal action by way of a defective search warrant alone, absent his taking part to bring charges or assisting in some way in Plaintiff's prosecution. *See Santana-Castro v. Toledo-Davila*, 579 F. 3d 109, 117 n.9 (1st Cir. 2009) (noting malicious prosecution cannot be implicated even when officers arrested the Plaintiff, because they had no part in "bringing charges" against him); *see also Correllas v. Viveiros*, 410 Mass. 314, 317 (1991) ("the defendant must have, in some sense, initiated the prosecution").

Massachusetts courts have ruled that the act of "malicious prosecution begins with the submission, under oath, of a criminal complaint." *Goddard v. Kelley*, 629 F. Supp. 2d 115, 130 (D. Mass. 2009) *citing Correllas*, 410 Mass. at 317. Whereas here, the Plaintiff fails to allege that the Defendant swore a criminal complaint against the Plaintiff, or provided information to other officers or the court system which was used to initiate or assist in the Plaintiff's prosecution, Plaintiff's claim must fail. Naturally, it also follows, that where there was no criminal proceeding ever initiated against the Plaintiff, no criminal proceeding terminated in his favor either- a required element of a malicious prosecution claim. *See Wynne v. Rosen*, 391

Mass. 797, 798 (1984) (proceeding terminates in Plaintiff's favor when public prosecutor formally abandons the criminal proceeding-unless new proceedings have been initiated- there is an acquittal, or other discharge consistent with the Plaintiff's innocence).

Thus, Plaintiff's claim for malicious prosecution must be dismissed as a matter of law.

### B. **Plaintiff's Claim Pursuant to MGL c. 149, § 19 Should Be Dismissed Because This Statute Includes No Private Cause of Action**

Plaintiff raises claims under M.G.L. c. 149, § 19 in Count Nine of the Amended Complaint. This claim fails as a matter of law and should be dismissed because no "private right of action exists pursuant to this section of the statute." *Hagenah v. Cmty. Enters.,* 2016 U.S. Dist. LEXIS 37779, *17 (D. Mass. 2016); *Travers-Sheik v. Habit Management, Inc.,* 2006 WL 3775957, *2 (D. Mass. 2006); *see also Am. Compl.,* at ¶¶ 102-107.

M.G.L. c. 149, § 19 provides that "[n]o person shall, by intimidation or force, prevent or seek to prevent a person from entering into or continuing in the employment of any person" M.G.L. c. 149, § 19.  Specifically, neither M.G.L. c. 149, § 19 itself, nor any other Massachusetts statute, explicitly creates a private cause of action for the prevention of employment. On the other hand, "the legislature clearly provided for private causes of action with respect to violations of other sections of chapter 149." *See id.*; see, e.g., *M.G.L. c. 149, § 150* (giving aggrieved employees the right to sue for violations of sections 33E, 148, 148A, 148B, 150C, 152, 152A or 159C of the chapter); *M.G.L. c. 149, § 27*; and *M.G.L. c. 149, § 105A*.

The state legislature's failure to include § 19 in this private causes of action category, is a clear indication of its intent not to create a private cause of action.  "Statutory intent on [whether a private cause of action exists] is determinative. Without it, a cause of action does not exist and courts may not create one." *Alexander v. Sandoval*, 532 U.S. 275, 286-87 (2001) (internal citation omitted). Thus, like the Court in *Hagenah* and *Travers-Sheik,* this Court should find that

there is no private cause of action under M.G.L. c. 149, § 19 and dismiss Plaintiff's claim accordingly.

### C. **Plaintiff's Claim of "Interference with Advantageous Relations" Should Be Dismissed Because Plaintiff Fails to Allege Any Relationship with a Third Party was Broken**

Count Eight of Plaintiff's Amended Complaint, pleads "Interference with Advantageous Relations" and must fail as a matter of law as he has failed to plead the facts necessary to allege the essential elements of this claim. To establish a claim for interference with advantageous business relations, the Plaintiff must prove that "(1) [the plaintiff] had an advantageous relationship with a third party (e.g., a present or prospective contract or employment relationship); (2) the defendant knowingly induced a breaking of the relationship; (3) the defendant's interference with the relationship, in addition to being intentional, was improper in motive or means; and (4) the plaintiff was harmed by the defendant's actions." *Blackstone v. Cashman*, 448 Mass. 255, 260 (2007).[3]

As to the first element, Plaintiff pleads two conflicting facts. On the one hand, the plaintiff's *septic system construction company* was "involved in the removal of snow for the City of Somerville". On the other, the Plaintiff "enjoyed an advantageous relationship with the City of Somerville through his employment contract for snow removal." *Am. Compl.* ¶ 39; 98.

Plaintiff has filed his lawsuit in his personal name, and not in the name of any septic system construction company (the name of which is not specified) that may have had a contractual relationship with Somerville. As to the latter, Plaintiff has not alleged the basic terms of any alleged "employment contract", or other contractual or business relationship with

---

[3] A similar analysis applies to a claim for interference with contractual relations with the notable difference being the existence of a contract Comeau v. Town of Webster, 881 F. Supp. 2d 177, 190 (D. Mass. 2012).

6

Somerville, such as who the actual parties were, the dates of any relationship, and the terms of the relationship. Plaintiff has not alleged anywhere in his Complaint that he is an employee of the City of Somerville.

As to the second element of this tort, Plaintiff has pled no facts to show Whalen has any knowledge of the relationship between Whyman and Somerville.  Even if Whyman met this burden, Whyman has failed to plead whether any such relationship was broken.  For example, no breach of contract by Somerville is alleged.  A plaintiff is not entitled to "proceed perforce" by virtue of allegations that merely parrot the elements of the cause of action.  *Ocasio-Hernandez v. Fortuño-Burset*, 640 F.3d 1, 12 (1st Cir. 2011).  Whyman has only pled that the plaintiff's "hours for the snow removal were significantly reduced in comparison with other snow removal contractors".  Am. Compl. Par. 42; *see also Am. Compl.* Ex. 15, p. 2, part C (alleging the advantageous business relations interfered with were Whyman being a "business man in the community and an individual who bid on public contracts…").

An "advantageous relation" is a "contemplated contract" or prospective business relationship, and the Plaintiff must show a probable future business relationship from which there is a reasonable expectancy of financial benefit.  *Comeau v. Town of Webster*, 881 F. Supp. 2d 177, 190 (D. Mass. 2012); *Buster v. George W. Moore, Inc.,* 438 Mass. 635, 652 n. 22 (2003).  Plaintiff's Amended Complaint fails to allege whether the reduction of hours for which Whyman performed snow removal was caused by a change in weather, no less Whalen, or whether this circumstance equates to a breaking of the relationship or a breach of contract.  That Whyman is a business man is not in and of itself an advantageous relation, nor is the fact that he may elect to bid on public procurements.

Lastly, Whyman fails to make an allegation as to how, or if, Whalen took any action to "induce" the relevant third party, presumably the City of Somerville, to break any relationship with Whyman. The allegations as a whole are conclusory, and this claim must fail as pled.

## V. CONCLUSION

For the foregoing reasons, Defendant respectfully requests that this Court dismiss counts 7, 8, and 9 of the Amended Complaint for failure to state a claim upon which can be granted. Should this Court grant any portion of Defendant's Motion to Dismiss, Defendant further respectfully requests that the Court strike all paragraphs in the Amended Complaint related thereto, as immaterial to any remaining counts.

Respectfully submitted,

DEFENDANT, SCOTT WHALEN,
By his attorneys,

/ s/ *Jason D. Grossfield*
Jason D. Grossfield, BBO# 666122
Shannon Phillips, BBO# 685450
Assistant City Solicitors
Law Dept., City Hall
93 Highland Avenue
Somerville, MA 02143
(617) 625-6600, ext. 4400
jgrossfield@somervillema.gov
sphillips@somervillema.gov
law@somervillema.gov

Dated:  May 19, 2016

## **CERTIFICATE OF SERVICE**

     I hereby certify that a true and accurate copy of this Memorandum of Law was served upon the attorney of record for each party via the Court's CM/ECF Electronic Case Filing System on May 19, 2016.

Dated:  May 19, 2016                                    / s/ *Jason D. Grossfield*

## **7.1 Certification**

     I hereby certify that undersigned counsel and co-counsel Shannon T. Phillips conferred with counsel for the Plaintiff, on May 18, 2016 prior to the filing of the instant motion, and were unable to resolve and/or narrow the issues raised herein.

Dated:  May 19, 2016                                    / s/ *Jason D. Grossfield*